Dea Derick, J.,
delivered the opinion of the Court.
The presentment in this case was quashed in the Circuit Court of Madison county. It charges “that one Stephen Irvine, late of said county, grocer, on the 26th day of March, 1870, on election day, with force and arms, in the county aforesaid, did then and there, willfully and unlawfully, sell, give, vend and retail, spirituous, vinous and fermented liquors, to one Theodorick Webb, near the election ground, in the City of Jackson,” &c.
The objections taken to the presentment are:
1. That it is bad, because it charges at least two distinct offenses in the same count.
2. That it does not aver that any election was held upon “election day.”
The statute provides, “that no liquor shop in this State shall be kept open on election days, nor shall any person, on said days, give or sell intoxicating liquors to any person, at or near an election ground:” Acts of 1869-70, p. 24.
*157 The object of the law is, to prevent the use of liquor upon, “election day; and if given or sold on that day, at or near the election ground, that object would be defeated.
In the case of The State v. Jopling, 10 Hum., 419, where the presentment charged in a single count, that the overseer neglected to mile mark, and put up pointers at the forks of the road, the Court say: “We see no reason why there should be two presentments [counts] in such a case.”
The presentment was quashed below, and upon appeal in error to this Court, the judgment was reversed, and the cause remanded for further proceedings.
The reasons assigned in that case, why both offenses might be charged in the same count, v^ere, that the duties were prescribed by the same Act; were of the same character; and failure to perform them was punishable by the same penalty.
The ease in 4 Hum., 25, is not in conflict with the principles settled in this case; but the reason, in that case, why the two cases could not be joined together in the same count, was, that the punishment provided by the statute was different- — in the one case being limited to $5, and in the other to $50.
The offenses of selling and giving away liquor, are created by the act of December 9, 1869, and are of the same character, and punishable alike, and both offenses tend to produce the same evils, which it is the object of the statute to prevent.
On the other hand, it has been held by this Court, in a case of felony, that where two distinct offenses *158 were charged in the alternative, in the same count, the indictment was bad: 4 Cold., 183.
It may be regarded as the settled law in felony cases, that there may be a joinder, of distinct offenses when they are of the same nature, and admit of the same plea and judgment, as well as of several offenders in the same indictment; but each distinct offense should be charged in a separate count: 9 Yer., 333; 1 Cold., 175.
Following the case in 10 Hum., we hold that in misdemeanors, when two offenses of the same character are created by the same statute, and are punishable in the same manner, that they may be joined in the same count of an indictment or presentment.
The other objection is, that the presentment does not aver that any election was held upon that day upon which it' is charged the offense was committed.
The charge in the presentment, is in the words of the statute creating the offenses; and we are of opinion that the averment that the defendant sold, &c., on election day, near 'the election ground, &c., necessarily imports that an election was on that day held, upon the election ground.
It follows that the action of the Court below, in quashing the presentment, was erroneous.
Let the judgment be reversed, and the cause remanded for further proceedings.